**HAWORTH, INC., Plaintiff,**

v.

**HERMAN MILLER, INC., Defendant,**

and

**Arthur Anderson & Co.; The Knoll Group, Inc.; Mauri Sardi; James Williams; Harold Snodgrass; Ford F. Farabow, Jr.; Reff Corporation; Westinghouse Electric Corporation; Robert G. Mohr; and Steelcase, Inc., Movants.**

**No. 1:92:CV:877.**

United States District Court,
W.D. Michigan.

Dec. 29, 1994.

Raymond L. Sweigart, Carole D. Bos, Bos & Glazier, Grand Rapids, MI, Dale H. Thiel, Flynn, Thiel, Boutell & Tanis, Kalamazoo, MI, George M. Sirilla, Nancy J. Linck, William K. West, Jr., George Paul Edgell, Jeffrey A. Simenauer, Barry Paul Golob, James D. Berquist, Susan T. Brown, Cushman, Darby & Cushman, Washington, DC, Stuart I. Friedman, Friedman, Wittenstein & Hochman, New York City, Frank G. Smith, III, Ronald L. Reid, Alston & Bird, Atlanta, GA, John C. Buchanan, Lee T. Silver, Buchanan, Silver & Beckering, Grand Rapids, MI, for Haworth, Inc.

Ellen S. Carmody, James L. Wernstrom, Law, Weathers & Richardson, Grand Rapids, MI, James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, William H. Frankel, Willian Brinks Hofer Gilson & Lione, Chicago, IL, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Herman Miller, Inc.

James E. Christenson, Herman Miller, Inc., Zeeland, MI, David A. Anderson, Allan J. Sternstein, Roy E. Hofer, Joel W. Benson, Glen P. Belvis, Richard A. Cederoth, Michael E. Milz, Jeffrey M. Duncan, Chicago, IL, Susan A. Cahoon, Kilpatrick & Cody, Atlanta, GA, Stephen Melvin Dorvee, William H. Kitchens, Arnall, Golden & Gregory, Atlanta, GA, for Carithers–Wallace–Courtenay.

Michael C. Russ, Sean R. Smith, King & Spaulding, Atlanta, GA, Daniel T. Schibley, Dennis J. O'Hara, Wilson & McIlvaine, Chicago, IL, for Arthur Anderson & Co.

John M. Romary, Michael L. Leetzow, Finnegan, Henderson, Farabow, Garrett, et al., Washington, DC, Robert H. Gillette, Wheeler Upham, PC, Grand Rapids, MI, David H. Flint, Schreeder, Wheeler & Flint, Atlanta, GA, for Knoll Group, Inc., Mauri Sardi, James Williams, Harold Snodgrass, Ford F. Farabow, Jr., Reff Corp., Westinghouse Elec. Corp.

Randall G. Litton, Thomas M. McKinley, Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, MI, for Robert G. Mohr, Steelcase, Inc.

Timothy E. Eagle, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Varnum, Riddering, Schmidt & Howlett.

Carmel C. Gill, U.S. West, Inc., Denver, CO, for U.S. West, Inc.

## OPINION

ENSLEN, Chief Judge.

The matter before the Court is defendant's motion for reconsideration of a laches summary judgment Order this Court entered on February 9, 1994. The products plaintiff alleges infringe its patents are electrically powered office panel systems.

In its original Opinion, the Court ruled that plaintiff Haworth, Inc. ("Haworth") delayed more than six years in filing its claim against defendant Herman Miller, Inc. ("HMI"), thereby raising the presumption of laches. However, because it found that the delay was excusable, the Court ruled that HMI was not entitled to summary judgment but that its laches defense would successfully limit the period for which plaintiff could collect damages if it prevailed on its infringement claim.

In this ruling, the Court did not simply postpone the laches defense; instead, it ruled that not only was defendant not entitled to summary judgment in favor of its laches

defense, plaintiff was essentially entitled to summary judgment against a laches defense. As a result of the Court's opinion, defendant was precluded from raising the equitable defense of laches at trial.

Defendant clearly objects to the Court's ruling that it was not entitled to a summary judgment ruling barring plaintiff from claiming damages for the time period before it filed suit. However, defendant most strenuously objects to the Court's ruling that it cannot present its laches defense at trial. Alternatively, if the Court rules against it, defendant asks the Court to certify the laches issue for appeal pursuant to 28 U.S.C. § 1292(b).

### The denial of defendant's summary judgment motion

■ The principle behind laches is that it would be inequitable to permit a patentee to recover for infringements occurring during the time of its own unreasonable, unexcused, and harmful delay. Therefore, for laches to control, the patentee must have engaged in unreasonable, and inexcusable delay in filing suit. Such delay is measured from the time the plaintiff knew or reasonably should have known of its claim against the defendant. In addition, the alleged infringer must show that this delay has materially prejudiced it. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1032 (Fed.Cir.1992).

■ A presumption of laches arises if defendant demonstrates a delay of over six years from the date of the first known alleged infringement of the patented feature. *Aukerman* at 1034–38. However, a patentee can overcome the presumption of laches with specific evidence excusing the delay, or establishing a lack of prejudice to the accused infringer. *Id.*

In its Opinion, the Court found that plaintiff knew or should of known of the alleged infringement by October of 1984, when it had the opportunity to analyze defendant's 6–wire EK–400. In summary, the Court found that the period between November 1984 and June 1989 was excused by plaintiff's litigation with Steelcase, and the period between June, 1989 and March, 1991 was excused by plaintiff's negotiations and litigation with other alleged infringers. Finally, the Court held that although the period between March, 1991 and January, 1992 (the date plaintiff filed suit against defendant) might not be "excused" by plaintiff's attempt to resolve its claim against defendant without litigation, that delay was not unreasonable.

Defendant first asks the Court to reconsider its rejection of defendant's assertion that plaintiff knew, or reasonably should have known, of defendant's alleged infringement in 1979, when defendant introduced its 4–wire ED 100/200 system. The Court excluded that system from consideration because it is not charged with infringement in the pending law suit between the parties. However, there is merit to defendant's assertion that the fact that the system was not charged does not mean that it did not provide plaintiff with notice of infringement. Therefore, I will analyze whether the 4–wire ED 100/200 should trigger a laches period.

■ This analysis first requires the Court to determine whether plaintiff knew or should have known of "its claim," *Aukerman* at 1032, when the 4–wire ED 100/200 was introduced. The logical implication of this language is that the earlier, unaccused product must raise the same infringement claim as plaintiff alleges is raised by later, accused products. *E.g., Aukerman, supra, MGA, Inc. v. Centri–Spray Corp.*, 699 F.Supp. 610, 612 (E.D.Mich.1987) (defendant cannot tack earlier product to later product's laches period unless it shows that the nature of the infringing activities of each is substantially similar).

If the answer to that question is yes, the Court must next determine whether plaintiff knew, or reasonably should have known, not just of the product itself, but of the allegedly infringing qualities of the 4–wire ED 100/200. Plaintiff alleges that it reasonably concluded that the product did not infringe. Plaintiff's conclusion changed when it conducted a formal infringement analysis in response to a 1992 interrogatory from defendant, and it decided that the product infringed some of the claims of the patents plaintiff is now litigating. Defendant alleges that plaintiff's

knowledge of this product when it first came out, combined with its current conclusion that it infringes some of the claims of its patents, mean that plaintiff reasonably should have known that the 4–wire ED 100/200 was infringing its patents in 1979.

While it is certainly informative, standing alone, plaintiff's answer to an interrogatory, which asserts that the 4–wire ED 100/200 infringes certain claims of the '733 and '008 patents [1] (Def.Ex. B) which plaintiff also accuses later products of infringing, does not resolve this question of whether the 1979 product raises the same "claim," in the broad sense of the word, that the accused products raise. *MGA*, 699 F.Supp. at 613–14. Instead, the focus must be on the products: "At this point then it is not the court's task to construe the claims of the patent in suit and determine the issue of infringement, rather the focus of our inquiry is on the defendant's products for purposes of comparison." *MGA*, 699 F.Supp. at 615.

This task is not easy. The *MGA* court borrowed the "doctrine of equivalents" from established patent law, and applied a "functional equivalents" test, which asked whether the two devices do the same work in substantially the same way, and accomplish the same result, regardless of whether they differ in name, form or shape. *MGA*, 699 F.Supp. at 615, quoting *Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950).

For the limited purpose of determining whether, as a matter of law, plaintiff's potential damage recovery is limited by laches, I find that the nature of the alleged infringing activity changed between the 1979 product and the 1984 and 1985 products. Because the issue is for the jury to decide (see *infra*), it would be inappropriate for the Court to explain the detailed comparison which led it to this conclusion. However, after application of the extraordinarily precise comparative analysis modeled in *MGA*, I conclude that I cannot adopt defendant's position that, as a matter of law, the 1979 product and the 1984 product (1) do the same work, *and* (2)

do that work in substantially the same way, *and* (3) accomplish the same result. Because, considering the facts in the light most favorable to plaintiff, defendant has failed to establish that the 1979 product raises the same infringement "claim" as the later products, the Court need not reach the question of whether plaintiff knew or reasonably should have known of the allegedly infringing qualities of the 1979 product.

Defendant next asks the Court to reconsider its ruling that the delay during the period between 1984 and 1992 was not unexcusable and unreasonable. Defendant raises no new arguments, and after careful review, I remain convinced that this period is excusable and/or reasonable. Because the laches standard is conjunctive (unexcusable *and* unreasonable *and* prejudicial), I need not consider the issues of prejudice raised by defendant.

As a result of the foregoing, I decline to vacate my decision that defendant is not entitled to a summary judgment of laches.

### The grant of summary judgment to plaintiff on the laches issue

Defendant's motion complains that it submitted only uncontroverted evidence in support of its motion for summary judgment on its laches defense. It asserts that it had controverted evidence that it would have put forward if it were defending a summary judgment motion, because inferences would be drawn in defendant's favor at that point. Finally, it argues that the Court did not apply the proper summary judgment standard to it when it granted "reverse" summary judgment, because it did not resolve all disputes and consider all inferences in the light most favorable to defendant.

I agree that defendant may have been shortchanged, because the Court did not have the opportunity to consider arguments and evidence it may have presented *against* summary judgment in plaintiff's favor (as opposed to arguments and evidence presented in support of summary judgment in defendant's favor), and to enjoy having the evi-

---

1. Plaintiff alleges that the later products infringe ten additional claims which it does not believe

the 1979 product infringes.

dence viewed in the light most favorable to it in the position of nonmovant. Therefore, defendant's motion to reconsider this portion of the Court's Opinion and Order will be granted, and the question of the reasonableness of plaintiff's delay, and whether defendant is entitled to a laches limitation on plaintiff's potential damages may be presented to the jury.

### *Certification for appeal*

■ Defendant urges the Court to certify the questions of whether the ED 100/200 begins the laches period, and when other litigation excuses delay. In order to be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the Court must believe that the laches issue is a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation.

I do not consider the issues defendant raises "controlling questions of law," because they relate solely to damages. If plaintiff loses its infringement claims, the laches issue will be completely irrelevant. Further, I am not convinced that an immediate appeal may materially advance the ultimate termination of the litigation. Therefore, I will not certify the questions defendant proposes for interlocutory appeal.

### *ORDER*

In accordance with the Opinion entered on this date;

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration of the laches summary judgment order (dkt. # 338), filed March 30, 1994, is **DENIED in part and GRANTED in part.**

**IT IS FURTHER ORDERED** that defendant's motion for certification for appeal under 28 U.S.C. § 1292(b) (dkt. # 338), filed March 30, 1994, is **DENIED.**